CV 12 - 3369

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TZIREL UNGAR AND SAMMY TEITELBAUM
on behalf of themselves and
all other similarly situated consumers

                Plaintiffs,

-against-

STEPHEN LATZMAN, ESQ.

                Defendant.



VITALIANO, J.
J. ORENSTEIN, M.J.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 06 2012 ★
BROOKLYN OFFICE

---

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiffs Tzirel Ungar and Sammy Teitelbaum seek redress for the illegal practices of Stephen Latzman, Esq. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiffs was a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located within New York, New York.

-1-

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Tzirel Ungar and Sammy Teitelbaum*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

10. The debt was allegedly incurred by Plaintiffs Tzirel Ungar and Sammy Teitelbaum to Mordland Associates Fort Ham, LLC.

11. The nature of the alleged debt, to wit, involves past due rent, and was primarily for the personal, family and/or household purposes of the Plaintiffs.

12. Upon information and belief, on behalf of Mordland Associates Fort Ham, LLC, Defendant prepared, authorized, sent, caused to be sent and/or communicated a letter demanding, directly or indirectly, the payment of alleged past due rent, dated June 6, 2012.

13. The June 6, 2012 letter demanded the payment of four thousand nine hundred and sixty dollars ($4,960.00), was allegedly past due and owing to Mordland Associates Fort Ham, LLC.

14. The June 6, 2012 letter states: "PLEASE TAKE NOTICE that you are justly indebted to the landlord of the above described Premises in the total amount of $4,960.00 for rent as follows: June 2012, $1,240.00. May 2012, $1,240.00, April 2012, $1,240.00, and March 2012......"

15. The June 6, 2012 letter contains the printed name of "MORDLAND ASSOCIATES FORT HAM, LLC, Landlord" at the end of the main body of the letter. The June 6, 2012 communication was, upon information and belief, drafted, communicated, authorized, composed, and/or sent, directly or indirectly, by the Defendant.

16. Upon information and belief, the Defendant's conduct in printing, or causing to be printed, the name of "MORDLAND ASSOCIATES FORT HAM, LLC, Landlord" at the end of the main body of the June 6, 2012 demand letter was intended to lead the Plaintiffs to believe that the document was communicated by Mordland Associates Fort Ham, LLC, Landlord, rather than by the Defendant.

17. On the reverse side of the letter, the Defendant attached his letterhead of "STEPHEN LATZMAN, ESQ., Attorney for Landlord" below the "NOTICE TO TENANT" header.

18. Upon information and belief, the activities conducted by the Defendant described in the above paragraphs were calculated and conducted as part and parcel of Defendant's intentional violation of the mandatory disclosure requirements of the FDCPA, part of a

scheme to avoid compliance with the federal law, and/or to deprive the Plaintiffs of their FDCPA rights, and notification of said rights.

19. Upon information and belief, the June 6, 2012 letter was the initial communication from the Defendant to the Plaintiffs concerning the aforementioned alleged past due debt which it demanded.

20. The June 6, 2012 letter is completely devoid of the litany of warnings and notices required by 15 U.S.C. § 1692g and § 1692e(11). *See:* Dowling v. Kucker Kraus & Bruh, L.L.P., 2005 WL 1337442 (S.D.N.Y. June 6, 2005) ("Debt collectors could not evade the notice requirements of the FDCPA merely by having a creditor sign a demand for rent that the collector prepared and mailed".)

21. The June 6, 2012 letter fails to, inter alia, adequately advise the Plaintiffs of their rights, because the thirty (30) day validation notice required by 15 U.S.C. §1692(g) was not placed anywhere in the demand for payment of the alleged debt.

22. The language in the aforementioned letter violates 15 U.S.C. § 1692(g) because it contradicts the requirement that the Plaintiffs be advised of and given a thirty (30) day period in which to dispute the bill.

23. Upon information and belief, the Defendant sent, or caused to be sent, several additional copies of the aforementioned letter to the Plaintiffs.

24. The aforementioned letter fails to disclose clearly that the Defendant was attempting to collect a debt, and that any information obtained would be used for that purpose, as required by 15 U.S.C. § 1692(e)(11).

25. The Defendant failed to give Plaintiffs notice of their rights as mandated by 15 U.S.C. § 1692g and § 1692e(11) within five (5) days of Defendant's initial communication to the Plaintiffs.

26. Upon information and belief, the aforementioned June 6, 2012 letter attempts to collect amounts that the Defendant knew, or should have known, were not owed by the Plaintiffs to Mordland Associates Fort Ham, LLC.

27. Upon information and belief, the aforementioned letter is deceptive and/or inherently contradictory in violation of 15 U.S.C. § 1692(e)(10).

28. Upon information and belief, the aforementioned letter falsely represents the character, amount and/or legal status of the alleged debt in violation of 15 U.S.C.§ 1692(e)(2)(A).

29. The Defendant failed to otherwise advise the Plaintiffs of their rights pursuant to 15 U.S.C. § 1692g within five (5) days of said initial communication.

30. Had the Plaintiffs been given notice of their rights pursuant to 15 U.S.C. § 1692g, they would have promptly initiated a dispute, requested verification, settled and/or made payment of the demanded amount.

31. Defendant, in attempting to collect the aforementioned alleged past due debt from the Plaintiffs violated:

   (a) 15 U.S.C. § 1692e generally, and specifically, 15 U.S.C. §1692e(2)(A); 15 U.S.C. §1692e(9); 15 U.S.C. §1692e(10); 15 U.S.C. §1692e(11) and/or 15 U.S.C. §1692e(14); and

   (b) 15 U.S.C. §1692f generally, and specifically 15 U.S.C. §1692g(a), by failing to advise the Plaintiffs of any of their rights as required by 15 U.S.C. § 1692g in

Defendant's initial communication or within five (5) days of said initial communication to the Plaintiffs in connection with the collection of the aforementioned alleged debt.

32. Due to the foregoing, the Plaintiffs, Tzirel Ungar and Sammy Teitelbaum have suffered actual and statutory damages in an amount to be determined at trial.

33. Upon information and belief, other persons hold the same or similar claims against the Defendant for the Defendant's failure to notify them of their rights as mandated by 15 U.S.C. § 1692g, within five (5) days after the initial communications substantially similar to those received by the Plaintiffs from the Defendant in the collection or attempted collection of rent, and/or other consumer debts within the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on their behalf and the members of a class, as against the Defendant.*

34. Plaintiffs restate, reallege, and incorporate herein by reference, paragraphs one (1) through thirty-three (33) as if set forth fully in this cause of action.

35. This cause of action is brought on behalf of Plaintiffs and the members of a class.

36. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by Stephen Latzman, Esq.: (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about June 6, 2012; (b) the collection letter was sent to a consumer seeking payment of a personal debt; (c) the collection letter was not returned by the postal service as undelivered, and (d) the letter contained violations of 15 U.S.C.

§1692g(a), § 1692e(2)(A), §1692e(9), §1692e(10), §1692e(11), §1692e(14), §1692f, and §1692g(b) for Defendant's intentional violation of the mandatory disclosure requirements of the FDCPA.

37. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumers who received the collection letters (*i.e.* the class members) is a matter capable of ministerial determination from the records of Defendant.

   (D) The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

   (E) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiffs interests are consistent with those of the members of the class.

38. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

41. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

42. The Defendant's violation of the Fair Debt Collection Practices Act entitles the Plaintiffs and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k); and

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
July 3, 2012

_____
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com

Plaintiff requests trial by jury on all issues so triable.

_____
Maxim Maximov, Esq.


# NOTICE TO TENANT

STEPHEN LATZMAN, ESQ.
Attorney for Landlord
276 Fifth Avenue, Suite 402
New York, NY 10001
(212) 532 3368

## NOTICE TO TENANT

To: TZIREL UNGAR a/k/a TZIREL TEITELBAUM   ("Tenant")
SAMMY TEITELBAUM
1042 50th Street   ("Premises")
Apartment F6
Brooklyn, New York 11219

PLEASE TAKE NOTICE that you are justly indebted to the landlord of the above described Premises in the total amount of $4,960.00 for rent as follows: June 2012, $1,240.00, May 2012, $1,240.00, April 2012, $1,240.00, and March 2012.

PLEASE TAKE FURTHER NOTICE that you are required to pay the aforesaid sum on or before the expiration of three days from the day of service of this Notice upon you or surrender up possession of said Premises to the landlord, in default of which the Landlord will commence summary proceedings under the Statute to recover possession of the Premises.

Dated: June 6, 2012

MORDLAND ASSOCIATES FORT HAM LLC,
Landlord

By: Motel Cohen, Member